NOT DESIGNATED FOR PUBLICATION

No. 120,720

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DIANNE ADAMS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed July 5, 2019. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., GREEN and BRUNS, JJ.

PER CURIAM: Dianne Adams pled no contest to burglary in violation of K.S.A. 2014 Supp. 21-5807(a)(2), (c)(1)(B), a severity level 7 nonperson felony, and to criminal damage to property in violation of K.S.A. 2014 Supp. 21-5813(a)(1), (b)(2), a severity level 9 nonperson felony. The district court accepted Adams' pleas and adjudged her guilty, dispositionally departing to a sentence of 24 months' probation with an underlying 38-month prison sentence.

On appeal, Adams contends that the district court abused its discretion when it revoked her probation and imposed a modified prison sentence because "a reasonable

1

person would have acknowledged that Adams had gainful employment waiting for her and would have released her immediately, or at an earlier date than the district court did so that she could meaningfully contribute to society." We granted Adams' motion for summary disposition under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State responded to the motion for summary disposition, and it did not object to the granting of the motion.

Between July 1, 2016, and December 20, 2017, Adams was found to have committed numerous technical probation violations and was ordered to serve the following sanctions: one 2-day dip in jail; a 24-month extension of her probation; residential placement; a 3-day dip in jail; a 180-day prison sanction; and a 120-day prison sanction. On December 31, 2018, Adams stipulated to two probation violations while contesting a third. She noted that she was 64 years old, close to retirement, and had obtained a job that would start upon her release from jail if she received probation. She also noted a significant alcohol problem which was the root of her criminal problems. She requested to be placed back on probation and, in the alternative, to receive a modified underlying sentence of 18 to 24 months in prison. The district court imposed a modified 24-month prison sentence to be followed by 12 months' postrelease supervision.

Adams expressly acknowledges that the decision to revoke probation rests in the sound discretion of the district court. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Jones*, 306 Kan. 948, 957, 398 P.3d 856 (2017).

Moreover, a district court may revoke probation of defendant and impose an underlying sentence when defendant has already been sanctioned to 120 or 180 days in prison under K.S.A. 2018 Supp. 22-3716(c)(1)(C) and/or (D). Because it is undisputed that graduated sanctions had already been exhausted, the district court acted well within

its sound discretion in revoking Adams' probation and in imposing her modified underlying sentence. Thus, we conclude the district court did not abuse its discretion and we affirm the district court's decision.

Affirmed.